Argued and submitted April 12, reversed and remanded for reconsideration
May 22, 1991

In the Matter of the Compensation of
Hubert W. Barker, Claimant.

Hubert W. BARKER,
*Petitioner,*

*v.*

FARMERS PACKING COMPANY
and SAIF Corporation,
*Respondents.*

(87-00261; CA A64922)

812 P2d 22

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Christopher D. Moore and Malagon, Moore & Johnson, Eugene.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Claimant seeks review of an order of the Workers' Compensation Board reversing the referee and holding that he is not entitled to benefits for permanent total disability.

Claimant contends that the Board erred in concluding that he had not established a willingness to work, because the "sanitor" job that was offered to him and that he refused was not available on a regular basis in a hypothetically normal job market. There is substantial evidence to support the Board's determination that the offered job was available, that it was within claimant's physical ability and that he refused it. The same evidence is sufficient to support the Board's finding that claimant did not make a reasonable effort to find work, and that finding, in turn, requires the conclusion that claimant is not entitled to benefits for permanent total disability.[1]

Claimant also contends, and employer concedes, that there is no substantial evidence to support the Board's statement that claimant has a "documented history of functional overlay." Given the Board's possible reliance on that factor in its determination that claimant is not totally disabled from a physical standpoint, we cannot say that the error did not influence the Board's decision. Accordingly, we remand to the Board for reconsideration.

Reversed and remanded for reconsideration not inconsistent with this opinion.

---

[1] Claimant also states, apparently in the alternative, that the Board erred in failing to address his willingness to seek work. In view of the Board's finding that claimant had not made a reasonable effort to seek work, a finding regarding his willingness to work was unecessary.